UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| United States of America,   Plaintiff, | Civil No. 2:25-cv-10809<br>Honorable Judge:<br>Magistrate Judge: |

vs.

Fifty Thousand Dollars ($50,000.00)
in U.S. Currency,

        Defendant *in rem*.

## COMPLAINT FOR FORFEITURE

NOW COMES Plaintiff, the United States of America, by and through Julie A. Beck, Acting United States Attorney for the Eastern District of Michigan, and Kelly E. Fasbinder, Assistant United States Attorney, and states upon information and belief as follows in support of this Complaint for Forfeiture:

### JURISDICTION AND VENUE

1. This is an *in rem* civil forfeiture action pursuant to 21 U.S.C. § 881(a)(6), resulting from a violation or violations of 21 U.S.C. §§ 841 and/or 846.

2. This Court has original jurisdiction over this forfeiture action under 28 U.S.C. §§ 1345 because this action is being commenced by the United States of America as Plaintiff.

3. This Court has jurisdiction over this forfeiture action under 28 U.S.C. § 1355(b)(1)(A) because the acts giving rise to the forfeiture occurred in the Eastern District of Michigan.

4. Venue is proper before this Court under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to this action occurred in the Eastern District of Michigan.

5. Venue is also proper before this Court under 28 U.S.C. § 1395(a)-(b) as the action accrued, and the Defendant *in rem* was found and seized, in the Eastern District of Michigan.

## DEFENDANT *IN REM*

6. The Defendant *in rem* consists of Fifty Thousand Dollars ($50,000.00) in U.S. Currency (hereinafter "Defendant Currency"). On or about October 30, 2024, Special Agents and Task Force Officers (collectively, "Agents") of the Drug Enforcement Administration (DEA) seized the Defendant Currency after a traffic stop in Allen Park, Michigan.

7. The Defendant Currency is currently in the custody of the United States Marshals Service.

## UNDERLYING CRIMINAL STATUTES

8. Title 21 of the United States Code, Section 841(a)(1), prohibits the manufacture, distribution, or dispensation, or possession with intent to manufacture, distribute, or dispense, a controlled substance.

9. Title 21 of the United States Code, Section 846 prohibits the attempt, or conspiracy to commit, *inter alia*, an offense under 21 U.S.C. § 841(a)(1).

## STATUTORY BASIS FOR CIVIL FORFEITURE

10. Civil forfeiture is authorized by 21 U.S.C. § 881(a), which provides, in pertinent part, that:

> The following shall be subject to forfeiture to the United States and no property right shall exist in them:
> . . . .
>
> (6) All moneys, negotiable instruments, securities, or other things of value furnished or intended to be furnished by any person in exchange for a controlled substance or listed chemical in violation of this subchapter, all proceeds traceable to such an exchange, and all moneys, negotiable instruments, and securities used or intended to be used to facilitate any violation of this subchapter.

21 U.S.C. § 881(a)(6).

## FACTUAL BASIS IN SUPPORT OF FORFEITURE

11. The Defendant *in rem* was involved in a knowing violation or violations of 21 U.S.C. §§ 841 and/or 846 and is therefore subject to federal forfeiture pursuant to 21 U.S.C. § 881(a)(6). Evidence supporting forfeiture includes, but is not limited to, the following:

a. On or about October 29, 2024, Cortney Lee ("Lee") purchased a roundtrip airline ticket for travel from Detroit to Minot, North Dakota. The flight was scheduled to depart Detroit Metro Airport on October 30, 2024, and return the same day at 11:25 p.m.

b. The flight was booked within 48 hours of the scheduled departure. This type of travel pattern is common in narcotic and narcotic money courier conduct.

c. Lee's travel history shows that she had traveled this same route at least three additional times in the four months preceding her October 30, 2024, trip. In each case, the flight was booked within 24-48 hours of the scheduled departure, and the return flight was scheduled for the same day or next day.

d. On October 30, 2024, members of the Drug Enforcement Administration, Detroit Transportation Interdiction Unit (DTIU) saw Lee exit the jetway at Detroit Metro Airport, after returning from North Dakota, carrying a red hard-shell suitcase.

e. Agents followed Lee under constant surveillance through the departures door of the building and watched her get into the

      passenger seat of a silver Jeep with New York license plate. Agents followed the Jeep under constant surveillance.

f.      Agents conducted a traffic stop of the Jeep on eastbound I-94 in Allen Park, Michigan.

g.      The Jeep did not make any stops after leaving the airport prior to the traffic stop.

h.      The driver of the Jeep was arrested for numerous outstanding warrants.

i.      When conducting a pat down search of Lee, agents found several bundles of U.S. Currency totaling $20,700.00 in various pockets of her jacket.

j.      A k-9 conducted a free air sniff of the Jeep and alerted to the presence of narcotic odor at the driver's door seem.

k.      During a search of the Jeep, Agents found the red hard-shell suitcase that Lee was seen carrying out of Detroit Metro Airport.

l.      Inside the suitcase, Agents found several bundles of U.S. Currency, totaling $29,300.00, concealed within pockets of clothing.

    m.    Lee told Agents that she was just returning from visiting a friend for two days in North Dakota.

    n.    Lee claimed that after leaving the airport, she went to her friend's residence in Taylor, Michigan to pick up the U.S. Currency discovered by Agents in her jacket and suitcase. Lee said the friend kept the currency for her while she was in North Dakota.

## CLAIM

12. Plaintiff re-alleges and incorporates by reference each and every allegation contained in Paragraphs 1 through 11, including their subparts.

13. The Defendant *in rem* is forfeitable to the United States pursuant to 21 U.S.C. § 881(a)(6), as property furnished or intended to be furnished in exchange for a controlled substance, proceeds traceable to such an exchange (and/or the attempt or conspiracy to commit such an exchange), and/or as property used or intended to be used to facilitate a violation of 21 U.S.C. §§ 841(a)(1) and/or 846.

## CONCLUSION AND RELIEF

WHEREFORE, Plaintiff, the United States of America, respectfully requests that this Court issue a warrant for arrest of the Defendant *in rem*; that due notice be given to all interested parties to appear and show cause why forfeiture

should not be decreed; that judgment be entered declaring the Defendant *in rem* condemned and forfeited to the United States for disposition according to law; and, that the United States be granted such further relief as this Court may deem just and proper, together with costs and disbursements of this action.

                                  Respectfully submitted,

                                  JULIE A. BECK
                                  Acting United States Attorney

                                  <u>S/Kelly Fasbinder</u>
                                  Kelly E. Fasbinder (P80109)
                                  Assistant United States Attorney
                                  211 W. Fort Street, Suite 2001
                                  Detroit, MI  48226-3211
                                  (313) 226-9520
Dated: March 18, 2025              Kelly.Fasbinder@usdoj.gov

## **VERIFICATION**

I, Dominic A. Michels, state that I am a Task Force Officer with the Drug Enforcement Administration. I have read the foregoing Complaint for Forfeiture and declare under penalty of perjury that the facts contained therein are true and correct based upon knowledge possessed by me and/or upon information received from other law enforcement agents.

                                       _____
                                       Dominic A. Michels, Task Force Officer
                                       U.S. Drug Enforcement Administration

Dated: March 24, 2025